Robert A. Sacks (CSB No. 150146)
Laura E. Kabler (CSB No. 241281)
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067-1725
Telephone:  (310) 712-6600
Facsimile:  (310) 712-8800

DOCKETED ON CM

APR 20 2007

BY _____ 053

FILED
CLERK, U S DISTRICT COURT

APR 19 2007

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Attorneys for Defendants

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
JS-2/JS-3 _____
Scan Only _____

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

In re j2 GLOBAL
COMMUNICATIONS, INC.
DERIVATOVE LITIGATION

)
)
)
)
)
)
)
)
)
)
)
)
)

No.  CV-06-6475-CAS (JWJx)

**STIPULATION AND [PROPOSED]**
**ORDER OF DISMISSAL WITH**
**PREJUDICE**

Judge:  Hon. Christina A. Snyder
Dept.:  16
Trial Date:  Not Set

WHEREAS in addition to the above-entitled derivative action (the "Federal Derivative Action"), companion derivative actions entitled *Hasselbring* v. *Ressler, et al.*, Case No. BC358023 and *Shaw* v. *Ressler, et al.*, Case No. BC 358063 were brought in the Los Angeles Superior Court (the "State Derivative Actions", collectively with the Federal Derivative Action, the "Derivative Actions");

WHEREAS the parties to the Derivative Actions entered into a Stipulation of Settlement, a copy of which is attached hereto as Exhibit A, as a collective settlement of all claims and issues in both the Federal and State Derivative Actions;

WHEREAS a Motion for Approval of the Stipulation of Settlement and supporting papers were filed with the Los Angeles Superior Court on March 19, 2007;

1        WHEREAS on April 18, 2007 the Court presiding over the State Derivative

2  Actions approved the substantive terms of the Stipulation of Settlement, but reserved

3  approval of the attorneys' fees provided for therein pending further submissions by the

4  parties;

5        WHEREAS under the terms of the Stipulation of Settlement and the final

6  judgment entered by the Superior Court, all of the claims asserted in this action have been

7  settled and released, rendering this action moot;

8        NOW, THEREFORE, it is hereby stipulated and agreed that this action is

9  dismissed with prejudice and without costs to any party.

10  Dated: April 18 2007

11

12                    Robert A. Sacks (CSB No. 150146)
                         Laura E. Kabler (CSB No. 241281)

13                    SULLIVAN & CROMWELL LLP
                         1888 Century Park East

14                    Los Angeles, California  90067-1725
                         Telephone:    (310) 712-6600

15                    Facsimile:    (310) 712-8800

16                    Attorneys for Defendants

17

18  Dated: April __, 2007

19

20                    Eric L. Zagar
                    Lee D. Rudy

21                    SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP
                         280 King of Prussia Road

22                    Radnor, PA 19087

23                    Attorneys for Plaintiffs

24      IT IS SO ORDERED.

25

26  Dated:

27                    Honorable Christina A. Snyder

28

SULLIVAN
&
CROMWELL LLP

1    WHEREAS on April 18, 2007 the Court presiding over the State Derivative

2 Actions approved the substantive terms of the Stipulation of Settlement, but reserved

3 approval of the attorneys' fees provided for therein pending further submissions by the

4 parties;

5    WHEREAS under the terms of the Stipulation of Settlement and the final

6 judgment entered by the Superior Court, all of the claims asserted in this action have been

7 settled and released, rendering this action moot;

8    NOW, THEREFORE, it is hereby stipulated and agreed that this action is

9 dismissed with prejudice and without costs to any party.

10 Dated:  April 18 2007

11

12    Robert A. Sacks (CSB No. 150146)
     Laura E. Kabler (CSB No. 241281)
13   SULLIVAN & CROMWELL LLP
     1888 Century Park East
14   Los Angeles, California 90067-1725
     Telephone:   (310) 712-6600
15   Facsimile:   (310) 712-8800

16   Attorneys for Defendants

17

18 Dated:  April 19, 2007

19

20   Eric L. Zagar
     Lee D. Rudy
     SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP
21   280 King of Prussia Road
     Radnor, PA 19087

22

23   Attorneys for Plaintiffs

24    IT IS SO ORDERED.

25

26 Dated:  4/19/07

27    _Christina A. Snyder_
     Honorable Christina A. Snyder

28

STIPULATION AND [PROPOSED] ORDER OF DISMISSAL WITH PREJUDICE

```
 1  ROBBINS UMEDA & FINK, LLP
    BRIAN J. ROBBINS (190264)
 2  JEFFREY P. FINK (199291)
    FELIPE J. ARROYO (163803)
 3  ASHLEY R. PALMER (246602)
    610 West Ash Street, Suite 1800
 4  San Diego, CA 92101
    Telephone: (619) 525-3990
 5  Facsimile: (619) 525-3991

 6  Attorneys for Plaintiffs

 7  [Additional counsel listed on signature page]
```

## 8      SUPERIOR COURT OF THE STATE OF CALIFORNIA

## 9      COUNTY OF LOS ANGELES

| | |
|---|---|
| 10  MELINDA AND ANTHONY HASSELBRING, Derivatively On Behalf of J2 GLOBAL COMMUNICATIONS, INC., | )  Case No. BC358023 |
| 11 | )  (Derivative Action) |
| 12                                   Plaintiffs, | )  STIPULATION OF SETTLEMENT |
|         vs. | ) |
| 13 | ) |
| 14  RICHARD S. RESSLER, ZOHAR LOSHITZER, R. SCOTT TURICCHI, | ) |
| 15  STEVEN J. HAMERSLAG, GREGGORY KALVIN, NEHEMIA ZUCKER, JEFFREY D. | ) |
| 16  ADELMAN, LEO D'ANGELO, SCOTT M. JARUS, TIMOTHY JOHNSON, | ) |
| 17  JOHN F. RIELEY, MICHAEL P. SCHULHOF, ROBERT J. CRESCI, DOUGLAS Y. BECH, | ) |
| 18  and DOES 1-25, inclusive, | ) |
|                                   Defendants, | ) |
| 19        -and- | ) |
| 20  J2 GLOBAL COMMUNICATONS, INC., a Delaware corporation, | )  Judge: Hon. Elihu M. Berle<br>)  Dept.: 42<br>)  Date Action Filed: 9/5/06 |
| 21 | ) |
| 22                         Nominal Defendant. | )  Hearing Date: April 18, 2007<br>)  Hearing Time: 8:30 a.m. |

```
23

24

25

26

27                                              EXHIBIT  A   PAGE  4

28  [Caption continued on following page]
```

---

| | | |
|---|---|---|
| 1 | CLEMENT SHAW, Derivatively On Behalf of ) | Case No. BC358063 |
| | J2 GLOBAL COMMUNICATIONS, INC., ) | |
| 2 | ) | |
| | Plaintiff, ) | (Derivative Action) |
| 3 | vs. ) | |
| | ) | |
| 4 | RICHARD S. RESSLER, ZOHAR ) | |
| | LOSHITZER, R. SCOTT TURICCHI, ) | |
| 5 | STEVEN J. HAMERSLAG, GREGGORY ) | |
| | KALVIN, NEHEMIA ZUCKER, JEFFREY D. ) | |
| 6 | ADELMAN, LEO D'ANGELO, SCOTT M. ) | |
| | JARUS, TIMOTHY JOHNSON, JOHN F. ) | |
| 7 | RIELEY, MICHAEL P. SCHULHOF, ) | |
| | ROBERT J. CRESCI, DOUGLAS Y. BECH, ) | |
| 8 | and DOES 1-25, inclusive, ) | |
| 9 | ) | |
| | Defendants, ) | |
| | -and- ) | |
| 10 | ) | |
| | J2 GLOBAL COMMUNICATONS, INC., a ) | Judge:  Hon. Elihu M. Berle |
| 11 | Delaware corporation, ) | Dept.:  42 |
| | ) | Date Action Filed:  9/6/06 |
| 12 | Nominal Defendant. ) | |
| | ) | Hearing Date: April 18, 2007 |
| 13 | ————————————————— ) | Hearing Time: 8:30 a.m. |

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT** $\underline{A}$ **PAGE** $\underline{5}$

STIPULATION OF SETTLEMENT

**STIPULATION OF SETTLEMENT**

This Stipulation of Settlement dated as of March 19, 2007 (the "Stipulation") is made and entered into by and among the following Settling Parties (as defined further in Section 1.12 hereof) to settle the State Litigation (as defined below) and the Federal Litigation (as defined below): (i) representative plaintiffs in the State Litigation, Melinda and Anthony Hasselbring and Clement Shaw, and in the Federal Litigation, Beverly Holt and Phillip Lawrence (collectively, "Plaintiffs") (on behalf of themselves and derivatively on behalf of j2 Global Communications, Inc. ("j2 Global"), by and through their counsel of record in the State Litigation and the Federal Litigation; and (ii) the Defendants, as defined below, by and through their counsel of record in the State Litigation and Federal Litigation. The Stipulation is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims (as defined below in 1.9), upon and subject to the terms and conditions hereof.

## I.    THE LITIGATION

On August 11, 2006, j2 Global announced that it had formed a Special Committee of its Board of Directors to conduct an investigation, with the assistance of independent legal and accounting advisors, to determine whether there had been any improper backdating of stock option grants.

On September 5, 2006, Plaintiffs Melinda and Anthony Hasselbring filed their derivative action in Los Angeles Superior Court under the caption *Hasselbring v. Ressler, et al.*, No. BC358023. On September 6, 2006, Plaintiff Clement Shaw filed his derivative action in Los Angeles Superior Court under the caption *Shaw v. Ressler, et al.*, No. BC358063 (the *Shaw* and *Hasselbring* actions are referred to collectively as the "State Litigation"). In both actions, Plaintiffs alleged various claims against Defendants regarding backdating of stock option grants and restricted stock awards.

Plaintiffs filed a Stipulation to Consolidate the two actions on September 21, 2006; however, the Court rejected the Stipulation to Consolidate.

On September 25, 2006, pursuant to California Code of Civil Procedure §§2030.010 and §§2031.010, Plaintiffs in the State Litigation served j2 Global with special interrogatories and

**EXHIBIT A    PAGE 6**

1  document requests.

2       On October 11, 2006, Plaintiff Phillip Lawrence filed a derivative action on behalf of j2

3  Global, and on November 16, 2006, Plaintiff Beverly Holt filed a materially identical derivative

4  action on behalf of j2 Global, in the United States District Court for the Central District of

5  California. Both of these actions were subsequently consolidated into a single action entitled *In re j2*

6  *Global Communications Derivative Litigation*, No. 06 CV 6475 (CAS), pending in the United States

7  District Court for the Central District of California (the "Federal Litigation").

8       On October 27, 2006, State Plaintiffs' counsel sent to Defendants' counsel a letter identifying

9  various alleged deficiencies in the options granting processes followed at j2 Global and proposals for

10  improvement in those areas.

11       On November 7, 2006, State Plaintiffs' counsel met with the Special Committee of the Board

12  of j2 Global and its advisors, and Defendants' counsel, to discuss the options granting circumstances

13  at j2 Global and State Plaintiffs' proposals for corporate governance changes at j2 Global relating to

14  options granting.

15       On November 13, 2006, Defendants made available to State Plaintiffs' counsel for inspection

16  extensive documentation surrounding the granting of stock options at j2 Global covering every grant

17  of options from the Company's inception as a public company in 1999 through 2005.

18       Thereafter, counsel for the State Plaintiffs and Defendants entered into settlement

19  negotiations, including negotiations addressing certain corporate governance changes at j2 Global.

20  Those negotiations were at arm's-length, and were conducted on both sides by counsel experienced

21  in litigation of this type.

22       On February 16, 2007, Defendants met with Federal Plaintiffs' counsel and made the same

23  extensive documentation available to Federal Plaintiffs' counsel.

24       On February 23, 2007, Federal Plaintiffs' counsel sent to Defendants' counsel a letter

25  identifying additional suggestions for governance improvements.

26       Thereafter, the parties engaged in further settlement negotiations.

27       As a result of the settlement discussions, the parties have agreed to settle the State Litigation

28  and the Federal Litigation jointly on the terms and subject to the conditions set forth below.

EXHIBIT A PAGE 7

## II. DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the State Litigation or the Federal Litigation. Defendants have denied and continue to deny that any willful backdating of stock option grants or restricted stock awards occurred or that any of their conduct relating to the granting, exercising or disclosure of options or restricted stock awards was wrongful. Defendants also have denied and continue to deny, *inter alia*, the allegations that Plaintiffs or j2 Global or its stockholders have suffered damages by the conduct alleged in the State Litigation or the Federal Litigation, or that Plaintiffs or j2 Global have any right of recovery whatsoever. Defendants have further asserted that at all relevant times, they acted in good faith, and in a manner they reasonably believed to be in the best interests of j2 Global and j2 Global's stockholders. Nonetheless, Defendants recognize that further defense of the State Litigation and the Federal Litigation could be protracted and expensive. As a result, Defendants have determined that it is desirable that the State Litigation and the Federal Litigation, and all claims that have been or could have been asserted against them in either the State Litigation or the Federal Litigation, or in any other federal or state litigation relating to the grant or exercise of stock options or restricted stock awards, be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.

## III. CLAIMS OF THE PLAINTIFFS AND BENEFITS OF SETTLEMENT

Plaintiffs believe that the claims asserted in the State Litigation and the Federal Litigation have merit. However, Plaintiffs recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against the Defendants through trial and, potentially, through appeals. Plaintiffs have also taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the State Litigation and the Federal Litigation, as well as the difficulties and delays inherent in such litigation. Plaintiffs are also mindful of the inherent problems of proof under and possible defenses to the claims asserted in both Litigations. And Plaintiffs have considered the uncertainty as to what they may be entitled to recover even if they were to prevail on some or all of their claims. Based on their evaluation, and

EXHIBIT A PAGE 8

1  the evaluation of Plaintiffs' counsel, Plaintiffs have determined that it is desirable to settle the State

2  Litigation and the Federal Litigation on the terms set forth in the Stipulation, and that the terms of

3  the Settlement are in the best interests of j2 Global and its shareholders.

4  **IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

5       NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among

6  Plaintiffs (for themselves and derivatively on behalf of j2 Global), j2 Global, and Defendants

7  Richard S. Ressler, Zohar Loshitzer, R. Scott Turicchi, Steven J. Hamerslag, Greggory Kalvin,

8  Nehemia Zucker, Jeffrey D. Adelman, Leo D'Angelo, Scott M. Jarus, Timothy Johnson, John F.

9  Rieley, Michael P. Schulhof, Robert J. Cresci and Douglas Y. Bech, by and through their respective

10  counsel or attorneys of record, that, subject to the approval of the Court, the State Litigation, the

11  Federal Litigation, and the Released Claims (defined below) shall be finally and fully compromised,

12  settled and released, and the State Litigation and the Federal Litigation shall be dismissed with

13  prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation,

14  as follows.

15       **1.    Definitions**

16       As used in the Stipulation the following terms have the meanings specified below:

17       1.1    "j2 Global" or the "Company" means nominal defendant j2 Global Communications,

18  Inc.

19       1.2    "Defendants" means nominal defendant j2 Global as defined herein or any of its

20  subsidiaries and Individual Defendants Richard S. Ressler, Zohar Loshitzer, R. Scott Turicchi,

21  Steven J. Hamerslag, Greggory Kalvin, Nehemia Zucker, Jeffrey D. Adelman, Leo D'Angelo, Scott

22  M. Jarus, Timothy Johnson, John F. Rieley, Michael P. Schulhof, Robert J. Cresci, and Douglas Y.

23  Bech.

24       1.3    "Effective Date" means the first date by which all of the events and conditions

25  specified in Section 6.2 of the Stipulation have been met and have occurred.

26       1.4    "Federal Plaintiffs' Counsel" means Schiffrin Barroway Topaz & Kessler, LLP, 280

27  King of Prussia Road, Radnor, PA 19087, and Rosman & Germain LLP, 815 Moraga Drive, Los

28  Angeles, CA 90049.

EXHIBIT __A__    PAGE __A__

- 4 -

STIPULATION OF SETTLEMENT

1    1.5    "Final" means the later of: (a) the date of final affirmance on an appeal of the

2 Judgment, the expiration of the time for a petition for or a denial of a writ of review to review the

3 Judgment and, if the writ is granted, the date of final affirmance of the Judgment following review

4 pursuant to that grant; or (b) the date of final dismissal of any appeal from the Judgment or the final

5 dismissal of any proceeding on writ of review to review the Judgment; or (c) if no appeal is filed, the

6 expiration date of the time for the filing or noticing of any appeal from the Court's Judgment

7 approving the Stipulation.

8    1.6    "Judgment" means the judgment to be rendered by the State Court.

9    1.7    "Person" means an individual, corporation, limited liability corporation, professional

10 corporation, partnership, limited partnership, limited liability partnership, association, joint stock

11 company, estate, legal representative, trust, unincorporated association, government or any political

12 subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors,

13 successors, representatives, or assignees.

14    1.8    "Related Persons" means each of a Defendant's present or former spouses, heirs,

15 executors, estates, administrators, any entity in which a Defendant and/or any member(s) of that

16 Defendant's immediate family has or had a controlling interest, any members of their immediate

17 families, or any trust of which any Defendant is or was the settler or which is or was for the benefit

18 of any Defendant and/or member(s) of his or her family, each of the Defendants' present and former

19 attorneys, legal representatives, and assigns in connection with either the State or Federal Litigation,

20 and all past and present directors, officers, agents, underwriters, controlling shareholders, investment

21 bankers, advisors, accountants, auditors, servants, employees, affiliates, insurers, co-insurers and

22 reinsurers, predecessors, successors, parents, subsidiaries, divisions, joint ventures and joint

23 venturers, related or affiliated entities, assigns and attorneys for nominal defendant j2 Global and

24 their counsel.

25    1.9    "Released Claims" shall collectively mean all claims (including "Unknown Claims"

26 as defined in Section 1.14 hereof), demands, rights, liabilities and causes of action of every nature

27 and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that

28 might have been asserted in this or any other court by any derivative plaintiff, on behalf of j2 Global,

EXHIBIT __A__ PAGE __10__

- 5 -

STIPULATION OF SETTLEMENT

1  or by j2 Global, against the Defendants, arising out of or based upon or related to the facts,

2  transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act relating to

3  the grant, award, receipt, or exercise of stock options or restricted stock awards through the date of

4  this Stipulation, including but not limited to all claims under state or federal law, or in equity, that

5  were or could have been alleged in the State Litigation, or that were or could have been alleged in

6  the Federal Litigation.

7      1.10   "Released Persons" means each and all of the Defendants and the Related Persons.

8      1.11   "Plaintiffs" mean Melinda and Anthony Hasselbring, Clement Shaw, Beverly Holt,

9  and Phillip Lawrence, individually, and derivatively on behalf of J2 Global.

10     1.12   "Settling Parties" means, collectively, j2 Global, the Defendants and the Plaintiffs on

11 behalf of themselves and derivatively on behalf of j2 Global.

12     1.13   "State Plaintiffs' Counsel" means Robbins Umeda & Fink, LLP, Brian J. Robbins,

13 Jeffrey P. Fink, Felipe J. Arroyo, and Ashley R. Palmer, 610 West Ash Street, Suite 1800, San

14 Diego, CA 92101, Telephone: (619) 525-3990 and Shuman & Berens, LLP, Kip B. Shuman and

15 Jeffrey A. Berens, 801 East 17th Avenue, Denver, CO 80218, Telephone: (303) 861-3003.

16     1.14   "Unknown Claims" means any Released Claim which any Settling Party does not

17 know or suspect to exist in his, her or its favor at the time of the release of the Released Persons

18 which, if known by him, her or it, might have affected his, her or its Settlement with and release of

19 the Released Persons, or might have affected his, her or its decision not to object to this Settlement.

20 With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the

21 Effective Date, the Settling Parties each shall expressly waive, and by operation of the Judgment

22 shall be deemed to have expressly waived, the provisions, rights and benefits of California Civil

23 Code §1542, which provides:

24         A general release does not extend to claims which the creditor does not know or
        suspect to exist in his or her favor at the time of executing the release, which if

25         known by him or her must have materially affected his or her settlement with the
        debtor.

26
        The Settling Parties each shall expressly waive, and by operation of the Judgment shall be

27 deemed to have expressly waived, any and all provisions, rights and benefits conferred by any law of

28

- 6 -

EXHIBIT __A__ PAGE __11__

1  any state or territory of the United States, or principle of common law, which is similar, comparable

2  or equivalent to California Civil Code §1542. The Settling Parties each may hereafter discover facts

3  in addition to or different from those which he, she or it now knows or believes to be true with

4  respect to the subject matter of the Released Claims, but, upon the Effective Date, the Settling

5  Parties each shall expressly have, and by operation of the Judgment shall be deemed to have, fully,

6  finally, and forever settled and released any and all Released Claims, known or unknown, suspected

7  or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist,

8  or heretofore have existed upon any theory of law or equity now existing or coming into existence in

9  the future, including, but not limited to, conduct which is negligent, intentional, with or without

10 malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence

11 of such different or additional facts. The Settling Parties acknowledge that the foregoing waiver was

12 separately bargained for and a material element of the Settlement of which this release is a part.

13     **2.     Settlement of the Derivative Claims**

14         2.1     Defendants acknowledge the State and Federal Litigations were a material factor in

15 implementing various terms of the Policy for Equity Compensation Grants and Awards to Board

16 Members, Executive Officers, Other Employees and Consultants.

17         In particular, the Policy for Equity Compensation includes, *inter alia*, the following internal

18 controls and procedures with regards to stock option grants and restricted stock awards that are

19 consistent with the relief sought in the Litigation and/or Plaintiffs' requests for corporate governance

20 changes arising from it:

21     •     Recommendations and approvals of option grants and restricted stock awards
        shall occur during scheduled meetings of the Compensation Committee or the
22         Board of Directors, as the case may be, and shall not be undertaken through
        action by unanimous written consent in lieu of a meeting. (¶¶6, 13-14, 17).

23
24     •     On a quarterly basis, the Company's Director of Internal Audit shall review
        the Company's option grants and restricted stock awards during the preceding
        year for compliance with this policy and shall report to the Audit Committee
25         any material deviation not previously approved by the Board. (¶8).

26     •     In recommending and approving option grants and restricted stock awards,
        the Compensation Committee and the Board of Directors shall, in good faith,
27         attempt to comply with all applicable laws and regulations for the proper
        disclosure and accounting of option grants and restricted stock awards. (¶19).

28

EXHIBIT A PAGE 12

STIPULATION OF SETTLEMENT

- Except in cases where the Board of Directors expressly makes a below-market grant permitted by the Plan, all stock options grants that are approved by the Board will have a stock strike price equal to 100% of the closing price of the Company's common stock at the end of regular trading on the NASDAQ Stock Market on the date of the Board meeting or on the most recent trading date on the NASDAQ Stock Market prior to the Board meeting if the meeting took place on a non-trading day. Any such below-market grants shall be disclosed and accounted for as being at such a discount. (¶20).

- Any officer or director of the Company finally found to have engaged in willful market-timing or backdating of stock option or restricted stock award grant dates shall (i) be required to forfeit any options obtained by such person as a result of such improper conduct and repay any benefits already obtained, and (ii) be subject to immediate disciplinary action up to and including termination in the case of an employee of the Corporation and recommended removal from the Board of Directors in the case of a director. (¶21).

- Minutes of Compensation Committee and Board meetings at which option grants or stock awards are considered shall be taken and prepared within 10 days, and shall contain a schedule detailing by person and amount all grants or awards being approved. Any changes to approved grants or awards, even to correct inadvertent errors, shall be made at a subsequent meeting. (¶¶16, 18).

- The Company shall retain all documents relating to any options grant or stock award for seven years.

- The audit committee, shall discuss accounting for stock based compensation with the Company's outside auditors annually, and shall perform a review of internal controls relating to such matters every three years.

2.2    No later than j2 Global's 2008 annual meeting, j2 Global shall add an additional outside director to the Company's Board of Directors.

2.3    Upon the entry of the Judgment, Federal Plaintiffs' Counsel and Defendants' Counsel shall file a stipulation dismissing the Federal Action with prejudice and without costs. Counsel shall further cooperate with one another and perform any other acts reasonably necessary to effect the dismissal of the Federal Litigation with prejudice and without costs to any party.

**3.    Releases**

3.1    Upon the Effective Date, as defined in Section 6.2, Plaintiffs, on their own behalf individually and derivatively on behalf of j2 Global, and j2 Global and its stockholders, shall have, and by operation of the Judgment shall be deemed to have, fully, finally, and forever released, relinquished and discharged (a) all Released Claims against the Released Persons, and (b) any and

EXHIBIT _A_ PAGE _13_

- 8 -

1  all claims arising out of, relating to, or in connection with the defense, Settlement or resolution of the

2  State Litigation and the Federal Litigation against the Released Persons.

3      3.2    Upon the Effective Date, as defined in Section 6.2, each of the Released Persons shall

4  be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released,

5  relinquished and discharged Plaintiffs and counsel to Plaintiffs from all claims (including Unknown

6  Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion,

7  Settlement or resolution of the State or Federal Litigation or the Released Claims.

8      3.3    Matters Not Released by j2 Global. Notwithstanding anything herein to the contrary,

9  j2 Global, its affiliate and subsidiary corporations, and its successors and assigns expressly reserve

10  all claims, demands, causes of actions, obligations, damages and liabilities, if any, against Individual

11  Defendants arising from or related to notes and security agreements executed by the Individual

12  Defendants in favor of j2 Global in connection with the exercise of stock options by certain of the

13  Individual Defendants, including claims, if any, for payment of the notes and breach of the security

14  agreements.

15      **4.    Plaintiffs' Counsels' Attorneys' Fees and Reimbursement of Expenses**

16      4.1    The Settling Parties have agreed that, subject to approval by the Court, j2 Global

17  and/or its directors and officers insurance carrier shall pay to State Plaintiffs' Counsel the sum of

18  $375,000 and to Federal Plaintiffs' Counsel the sum of $250,000 for their fees and (as approved) for

19  reimbursement of certain expenses and costs (the "Fee and Expense Amount"). Defendants shall not

20  be obligated to pay any additional amount to any Plaintiffs' counsel or any other Person for any fees,

21  expenses, costs or other sums incurred in connection with the State or Federal Litigation or

22  otherwise conferring any benefit on j2 Global or its shareholders for the matters that are the subject

23  of the State and Federal Litigations. Such fees and expenses as are approved by the Court shall be

24  paid to Plaintiffs' counsel within ten business days of the entry of a judgment in the Action

25  approving the Settlement and the fees and costs award to Plaintiffs' Counsel, so long as Plaintiffs'

26  counsel shall, prior to that time, have executed and delivered to Defendants' counsel an undertaking.

27  In the event the judgment is reversed or modified on appeal, Plaintiffs' counsel shall within 10

28

EXHIBIT A PAGE 14

STIPULATION OF SETTLEMENT

1   business days of such action, refund to Defendants the advanced amount, together with interest on

2   such amount from the date of payment until the date of repayment.

3        4.2   Defendants and their Related Persons shall have no responsibility for and no liability

4   whatsoever with respect to the allocation of the fee award with respect to any other person, entity or

5   law firm who may assert some claim thereto, of any Fee and Expense Amount; provided, however,

6   that any person who receives any payment prior to approval of the Settlement and Fee and Expense

7   Amount becoming Final shall have executed an undertaking.

8       **5.**    **Incentive Awards for the Derivative Plaintiffs**

9        5.1   Subject to approval by the Court, $1,000 may be awarded to Plaintiffs Melinda and

10   Anthony Hasselbring and $1,000 may be awarded to Plaintiff Clement Shaw as a part of the

11   $375,000 paid to State Plaintiffs' counsel for fees and costs.  The Court's approval or denial of

12   Section 5.1 herein shall not impact the approval of any other sections herein, including an award of

13   attorneys' fees and reimbursement of expenses as set forth in Sections 4.1-4.2.

14       **6.**    **Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

15        6.1   Promptly following execution of this Stipulation, the parties shall jointly move for

16   approval of this Stipulation and entry of the Judgment by the State Court.

17        6.2   The Effective Date of the Stipulation shall be conditioned on the occurrence of all of

18   the following events:

19           (a)   the Court has entered the Judgment, dismissing with prejudice the Litigation;

20           (b)   the Judgment has become Final, as defined in Section 1.5, above; and

21           (c)   the Federal Court has dismissed the Federal Litigation with prejudice and

22   without costs.

23        6.3   If all of the conditions specified in 6.2 are not met, then the Stipulation shall be

24   cancelled and terminated subject to 6.4 unless Plaintiffs' Counsel and Defendants' counsel mutually

25   agree in writing to proceed with the Stipulation.

26        6.4   In the event that the Stipulation is not approved by the State Court or the Settlement

27   set forth in the Stipulation is terminated or fails to become Final in accordance with its terms, all

28   parties to the State and Federal Litigation (including all Plaintiffs and all Defendants) shall be

1   restored to their respective positions in the Litigations as of the date of signing this Stipulation.  In

2   such event, the terms and provisions of the Stipulation shall have no further force and effect with

3   respect to all parties to the Litigations and shall not be used in the Litigations or in any other

4   proceeding for any purpose, and any judgment or order entered by the State Court in accordance

5   with the terms of the Stipulation shall be treated as vacated, nunc pro tunc.

6       **7.     Miscellaneous Provisions**

7           7.1     The Settling Parties: (a) acknowledge that it is their intent to consummate this

8   Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and

9   implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish

10  the foregoing terms and conditions of the Stipulation.

11          7.2     The Settling Parties intend this Settlement to be a final and complete resolution of all

12  disputes between them with respect to the State Litigation and the Federal Litigation.  The

13  Stipulation compromises claims which are contested and shall not be deemed an admission by any

14  Settling Party as to the merits of any claim, allegation or defense.  While retaining their right to deny

15  that the claims advanced in the State and Federal Litigations were meritorious, the Defendants in any

16  statement made to any media representative (whether or not for attribution) will not deny that the

17  Litigations were filed in good faith and is being settled voluntarily after consultation with competent

18  legal counsel.  The Settling Parties agree that during the course of the State Litigation and the

19  Federal Litigation, the parties and their respective counsel at all times complied with the

20  requirements of California Code of Civil Procedure §§128.5, 128.6 and 128.7, and Federal Rule of

21  Civil Procedure 11.

22          7.3     Neither the Stipulation nor the Settlement, nor any act performed or document

23  executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed

24  to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of

25  any wrongdoing or liability of the Defendants and the Released Persons; or (b) is or may be deemed

26  to be or may be used as an admission of, or evidence of, any fault or omission of any of the

27  Defendants and the Released Persons in any proceeding of any kind or nature.  The Defendants and

28  the Released Persons may file the Stipulation and/or the Judgment in any action that may be brought

1    against them in order to support a defense or counterclaim based on principles of res judicata,

2    collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of

3    claim preclusion or issue preclusion or similar defense or counterclaim.

4        7.4    The Stipulation may be amended or modified only by a written instrument signed by

5    or on behalf of all Settling Parties or their respective successors-in-interest.

6        7.5    This Stipulation constitutes the entire agreement among the Settling Parties and no

7    representations, warranties or inducements have been made to any Settling Party concerning the

8    Stipulation other than the representations, warranties and covenants contained and memorialized in

9    this Stipulation. Except as otherwise provided in this Stipulation, each Settling Party shall bear its

10   own costs.

11       7.6    Each counsel or other Person executing the Stipulation on behalf of any party hereto

12   hereby warrants that such person has the full authority to do so.

13       7.7    The Stipulation may be executed in one or more counterparts. All executed

14   counterparts and each of them shall be deemed to be one and the same instrument. A complete set of

15   original executed counterparts shall be filed with the Court. Facsimile signatures shall be effective

16   as though original.

17       7.8    The Stipulation shall be binding upon, and inure to the benefit of, the successors and

18   assigns of the Settling Parties.

19       7.9    The State Court shall retain jurisdiction with respect to implementation and

20   enforcement of the terms of the Stipulation, and all of the Settling Parties and their counsel submit to

21   the jurisdiction of the State Court for purposes of implementing and enforcing the Settlement

22   embodied in the Stipulation.

23       7.10   This Stipulation shall be deemed to have been negotiated, executed and delivered, and

24   to be wholly performed, in the State of California, and the rights and obligations of the Settling

25   Parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the

26   internal, substantive laws of the State of California without giving effect to that State's choice of law

27   principles.

28

EXHIBIT _A_ PAGE _17_

STIPULATION OF SETTLEMENT

1        7.11    All agreements made and orders entered during the course of the State and Federal

2    Litigations relating to the confidentiality of information shall survive this Stipulation.

3        IN WITNESS WHEREOF, the Settling Parties hereto have caused the Stipulation to be

4    executed, by their duly authorized attorneys, dated as of March 19, 2007.

5    DATED:  March ﹍ 2007        ROBBINS UMEDA & FINK, LLP
                                                               BRIAN J. ROBBINS

6                                                                   JEFFREY P. FINK

7                                                                 FELIPE J. ARROYO

8                                                                 ASHLEY R. PALMER

9                                                     JEFFREY P. FINK

10                                                    610 West Ash Street, Suite 1800

11                                                    San Diego, CA 92101
                                                 Telephone: (619) 525-3990

12                                                    Facsimile:  (619) 525-3991

13                                                  *Attorneys for State Plaintiffs*

14   DATED:  March ﹍, 2007       SCHIFFRIN BARROWAY TOPAZ &
                                                 KESSLER, LLP

15                                                    MARC A. TOPAZ
                                                 ERIC L. ZAGAR

16                                                    LEE D. RUDY

17

18                                              __[See attached signature page.]__
                                                   MARC A. TOPAZ

19                                                  280 King of Prussia Road

20                                                Radnor, PA 19087
                                             Telephone:  (610) 667-7706

21                                                Facsimile:  (610) 667-7056

22                                                *Attorneys for Federal Plaintiffs*

23   DATED:  March ﹍, 2007       SULLIVAN & CROMWELL
                                               ROBERT A. SACKS

24                                                LAURA KABLER

25

26                                              __[See attached signature page.]__
                                               ROBERT A. SACKS

27

28                                                  EXHIBIT ___A___ PAGE ___18___

STIPULATION OF SETTLEMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1888 Century Park East, 21st Floor
Los Angeles, CA 90067
Telephone: (310) 712-6600
Facsimile: (310) 712-8800

*Attorney for Defendants*

21755_4 DOC

EXHIBIT _A_ PAGE _19_

- 14 -

STIPULATION OF SETTLEMENT

7.11    All agreements made and orders entered during the course of the State and Federal Litigations relating to the confidentiality of information shall survive this Stipulation.

IN WITNESS WHEREOF, the Settling Parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated as of March 20, 2007.

DATED: March ___, 2007

ROBBINS UMEDA & FINK, LLP
BRIAN J. ROBBINS
JEFFREY P. FINK
FELIPE J. ARROYO
ASHLEY R. PALMER


_____
· JEFFREY P. FINK

610 West Ash Street, Suite 1800
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile:  (619) 525-3991

*Attorneys for State Plaintiffs*

DATED: March 19, 2007

SCHIFFRIN BARROWAY TOPAZ &
KESSLER, LLP
MARC A. TOPAZ
ERIC L. ZAGAR
LEE D. RUDY


_____
MARC A. TOPAZ

280 King of Prussia Road
Radnor, PA 19087
Telephone:  (610) 667-7706
Facsimile:  (610) 667-7056

*Attorneys for Federal Plaintiffs*

DATED: March ___, 2007

SULLIVAN & CROMWELL
ROBERT A. SACKS
LAURA KABLER


_____
ROBERT A. SACKS

1888 Century Park East, 21st Floor

EXHIBIT A PAGE 20

- 13 -

7.11   All agreements made and orders entered during the course of the State and Federal Litigations relating to the confidentiality of information shall survive this Stipulation.

IN WITNESS WHEREOF, the Settling Parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated as of March 20, 2007.

DATED: March __, 2007

ROBBINS UMEDA & FINK, LLP
BRIAN J. ROBBINS
JEFFREY P. FINK
FELIPE J. ARROYO
ASHLEY R. PALMER

_____
JEFFREY P. FINK

610 West Ash Street, Suite 1800
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991

*Attorneys for State Plaintiffs*

DATED: March __, 2007

SCHIFFRIN BARROWAY TOPAZ &
KESSLER, LLP
MARC A. TOPAZ
ERIC L. ZAGAR
LEE D. RUDY

_____
MARC A. TOPAZ

280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Attorneys for Federal Plaintiffs*

DATED: March 19, 2007

SULLIVAN & CROMWELL
ROBERT A. SACKS
LAURA KABLER

_____
ROBERT A. SACKS

1888 Century Park East, 21st Floor

EXHIBIT A PAGE 21

- 13 -

STIPULATION OF SETTLEMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1888 Century Park East, 21st Floor
Los Angeles, CA 90067
Telephone: (310) 712-6600
Facsimile: (310) 712-8800

*Attorney for Defendants*

21755_4 DOC

EXHIBIT A PAGE 22

STIPULATION OF SETTLEMENT

1  **PROOF OF SERVICE**

2      I, Jacquelynn G. Perske, declare as follows:

3      I am employed in the County of Los Angeles, State of California. I

4  am over the age of eighteen years and am not a party to this action.  My business

5  address is Sullivan & Cromwell LLP, 1888 Century Park East, Suite 2100, Los

6  Angeles, California, 90067.

7      I served the following document:

8      **STIPULATION AND [PROPOSED]**
    **ORDER OF DISMISSAL WITH**

9      **PREJUDICE**

10  on April 19, 2007, on all parties in this action by placing true copies of the above

11  document enclosed in a sealed envelope addressed as follows:

12      **Via U.S. Mail**

13  Daniel L. Germain
Rosman & Germain LLP

14  815 Moraga Drive
Los Angeles, CA 90049-1633

15  Eric L. Zagar
Schiffrin Batrtoway Topaz & Kessler LLP

16  280 King of Prussia Road
Radnor, PA 19087

17

18      For copies served by U.S. Mail, I placed such envelope with postage

19  thereon fully prepaid for the deposit in the United States in accordance with the

20  office practice of Sullivan & Cromwell LLP for collecting and processing

21  correspondence for mailing, which practice is that when correspondence is

22  deposited with the Sullivan & Cromwell LLP personnel responsible for delivering

23  correspondence to the United States Postal Service, such correspondence is

24  delivered to the United States Postal Service that same day in the course of

25  business.

26      I declare under penalty of perjury under the laws of the United States

27  that the foregoing is true and correct.

28

SULLIVAN & CROMWELL LLP                                                 PROOF OF SERVICE

Executed on April 19, 2007, at Los Angeles, California.

Jacquelynn G. Rerske